The document below is hereby signed.

Signed: August 20, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SHELTON FEDERAL GROUP, LLC, | ) | Case No. 15-00623 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MARC E. ALBERT, CHAPTER 7 | ) | |
| TRUSTEE FOR THE ESTATE OF | ) | |
| SHELTON FEDERAL GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| | ) | 17-10026 |
| v. | ) | |
| | ) | **Not for Publication in** |
| CLARK CONSTRUCTION GROUP, *et al.*, | ) | **West's Bankruptcy Reporter** |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE
TRUSTEE'S LINE TO REISSUE SUMMONS AGAINST REAGG LLC

The trustee has filed a motion under Rule 4(m) of the Federal Rules of Civil Procedure, made applicable to bankruptcy under Rule 7004 of the Federal Rules of Bankruptcy Procedure, to allow him to make service on the defendant Recycled Aggregates, LLC now known as ReAgg LLC ("ReAgg"). The motion will be granted in the exercise of the court's discretion as authorized by Rule

4(m).

The trustee made a defective service of the complaint on ReAgg on August 28, 2018. On October 2, 2018, Craig Palik, an attorney, e-mailed the trustee stating:

> I represent Recycled Aggregates LLC. I was contacted last week regarding the adversary case seeking to recover fraudulent conveyances totaling approximately $116,000. The address where the complaint was purported to be served is an old office address for my client and the complaint was not received as such. My client learned of the suit from advertisements received in the mail from attorneys offering to defend the suit and from a recent call received from a Clark Construction representative. In light of the service issue, we would like to request until Friday October 20, 2017 to respond to the complaint either by answer or motion. Please confirm that this is acceptable to you. I can prepare a stipulation for this purpose.

Palik did not inform the trustee in the email of October 2, 2017, that service had been improper, and would be raised as a defense, but only that the summons and complaint were sent to an old address and had not been received by ReAgg, and requested additional time to respond to the complaint. In a phone call of October 3, 2017, Palik and the trustee's attorney, Seth Robbins, discussed Robbins's willingness for ReAgg to have additional time to respond to the complaint. All indications were that ReAgg would be filing a response to the complaint (unless ReAgg decided not to defend), and if ReAgg had filed an answer or a motion raising the defect in service by October 20, 2017, (the requested additional time to respond to the complaint) Robbins could have then addressed serving a summons and the complaint anew (by the

2

Rule 4(m) deadline of November 1, 2017, for doing so). Robbins mistakenly thought that service had been proper and on December 18, 2017, he filed a request for entry of default. On December 21, 2017, ReAgg filed an opposition to that request, pointing out the obvious failure of the attempted service to comply with Fed. R. Bankr. P. 7004(b)(3). On January 3, 2018, the court denied the motion for entry of default.

Robbins attempted to address the issue of service by providing a copy of the complaint to counsel for ReAgg on January 19, 2018. Eleven days later, on January 30, 2018, counsel for ReAgg advised that he was not authorized to accept service of process on behalf of ReAgg. Thirty-five days later, on March 6, 2018, Robbins filed on behalf of the trustee the motion at issue.

Robbins could have filed a Rule 4(m) motion to permit service to be made anew promptly after the opposition to the request for default was filed on December 21, 2017, or promptly after entry of the order of January 3, 2018. Nevertheless, ReAgg was well aware of the complaint, and Robbins attempted to have ReAgg's counsel accept service of the summons and complaint. The interests of justice weigh in favor of the court's exercising its discretion to allow the trustee to make service of the complaint in a proper fashion. ReAgg will not be prejudiced with respect to defending this adversary proceeding because the court can accord it the appropriate schedule for defending against the

claims against it.  It is

ORDERED that the trustee's motion is granted in part as follows:

1.  The complaint is deemed amended to refer to Recycled Aggregates, LLC, now known as ReAgg LLC, by that current name, ReAgg LLC.

2.  The time period for the Trustee to serve Recycled Aggregates, LLC, now known as ReAgg LLC, with the complaint and summons in the above-captioned case is hereby extended for 21 days from the date the clerk re-issues a summons; and

3. The clerk is authorized and directed to reissue the summons to ReAgg LLC in the above-captioned adversary proceeding as requested by the Trustee.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.

4